STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MOLLY K. PRIEDEMAN  (CABN 302096)
Assistant United States Attorney

    1301 Clay Street
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    molly.priedeman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JARVIS TOUISSANT,<br><br>    Defendant. | **CASE NOS. 19-cr-00520 JSW**<br>          **12-cr-00407 JSW**<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Hearing Date:  November 9, 2021<br>Time:  9:30 am<br>Judge: Hon. Jeffrey S. White |

## I.    INTRODUCTION

On May 27, 2021, the government filed one-count superseding indictment charging the defendant Jarvis Touissant with a violation of 18 U.S.C. 922(g)(2)- Felon in Possession of Firearm and Ammunition. The United States Probation Office (USPO) filed a Form 12 on September 11, 2019, based on the same conduct.  Touissant was alleged to have violated special condition number two of his supervised release that he shall abstain from the use of all alcoholic beverages (Count One) and the mandatory condition which states that Touissant must not commit another federal, state, or local crime (Count Two).  On June 28, 2021, Touissant pled guilty to Count One of the superseding indictment, admitted Count Two of the Form 12, and the government dismissed Count One of the Form 12.  Mr. Touissant is scheduled to appear for a sentencing hearing on November 9, 2021.

UNITED STATES' SENTENCING MEMORANDUM   1
19-cr-00520 JSW; 12-cr-00407 JSW

For the reasons set forth below, the United States recommends a sentence of 45 months imprisonment to be followed by a three-year term of supervised release, forfeiture, and a $100 special assessment for Count One of then Indictment, and further recommends a consecutive sentence of 12 months of imprisonment followed by two years of supervised release, to run concurrently, on the supervised release violation.

## II.    BACKGROUND

### A.    Original Offense

On March 11, 2013, Mr. Touissant was convicted of Conspiracy to Commit Robbery Affecting Interstate Commerce and Possession of a Firearm During and Relation to and in Furtherance of a Crime of Violence and Drug Trafficking Crime and was sentenced to 97 months imprisonment and five years of supervised release.  Case No. CR 12-00407, Dkt. 117.  On May 11, 2018, the Court vacated the conviction for Possession of a Firearm During and Relation to and in Furtherance of a Crime of Violence and Drug Trafficking Crime and set aside the original sentence.  Case No. CR 12-00407, Dkt. 227.  Touissant was later re-sentenced and sentenced to 90 months imprisonment and three years supervised release for the Conspiracy to Commit Robbery Affecting Interstate Commerce Conviction.  Case No. CR 12-00407, Dkt. 230.

### B.    Offense Conduct

On September 2, 2019, while Mr. Touissant was on supervised release, at approximately 3:48 am, California Highway Patrol (CHP) officers arrested Jarvis Touissant after conducting a driving under the influence of alcohol investigation.  PSR ¶ 6.  After the arrest, officers conducted a search of the vehicle and recovered a Glock 22, .40 caliber firearm, bearing serial number XHS307, under the seat of the vehicle.  *Id.*  The firearm had a 15-round magazine containing 14 .40 caliber bullets in the magazine.  *Id.*

### C.    Sentencing Guidelines

On October 15, 2021, the Probation Office issued the Final PSR.  Probation determined that Touissant's advisory guidelines are 51-63 months, based on a total offense level of 20 and a criminal history of IV.

UNITED STATES' SENTENCING MEMORANDUM   2
19-cr-00520 JSW; 12-cr-00407 JSW

The government disagrees with the guidelines calculation. Probation calculated the initial base offense level as 22, based on the reasoning that Touissant possessed an extended magazine and the defendant committed the instant offense subsequent to sustaining a felony conviction of a crime of violence i.e. the conviction for Possession of a Firearm in Relation to and in Furtherance of a Crime of Violence and Drug Trafficking Crime. However, as stated above, the Court later vacated that conviction. Consequently, pursuant to U.S.S.G. Section 2K2.1, Touissant's advisory guidelines are 41-51 months, based on a total offense level of 18 and criminal history of IV.

According to the Form 12, Touissant's violation of supervised release is a Grade B violation under the Sentencing Guidelines. U.S.S.G. 7B1.4(a). The criminal history category that applies "is the category applicable at the time the defendant was originally sentenced to a term of supervision." U.S.S.G. 7B1.4(a). Here, Touissant was a Criminal History Category IV at the time he was originally sentenced for his prior conviction. The applicable guidelines range for a Grade B violation and Criminal history Category IV is 12-18 months.

III.    DISCUSSION

A.    Applicable Law

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id*. After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)    the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3)    the need for the sentence imposed to afford adequate deterrence to criminal conduct;

UNITED STATES' SENTENCING MEMORANDUM    3
19-cr-00520 JSW; 12-cr-00407 JSW

    (4)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

    (5)    the need to provide restitution to any victims of the offense.

**B.    Recommended Sentence**

As detailed in the PSR, Touissant's current firearm offense is not an isolated incident.  Rather, Touissant's conduct in this case is consistent with a pattern of criminal conduct and demonstrated proclivity for possessing firearms. As laid out in the PSR, Touissant has accrued numerous convictions, several of which relate to the possession of firearms or other weapons.  PSR ¶¶ 29, 32, 33, 34, 36. Most significantly, Touissant's current offense came less than a *year* after the commencement of his supervised release, following a significant custodial sentence.

Touissant's reoccurring possession of a firearm is concerning on its own, but it's even more troubling when considered in conjunction with the facts underlying Touissant's prior federal offense involving firearms.  As detailed in the PSR, in 2012, Touissant sold several firearms to undercover agents and agreed to commit a drug stash house robbery, with firearms. PSR ¶ 36.  Touissant and his co-conspirator affirmed their willingness to commit the robbery, and stated that they would bring several firearms, that included a machinegun.  *Id.*  Touissant's prior conduct and conviction demonstrate a willingness and proclivity for using firearms to commit violence.  *Id.*  Viewed in light of Touissant's prior conviction, Touissant's most recent possession of a firearm is deeply concerning.

The government recognizes that there are mitigating circumstances that warrant consideration by the Court including the death of several individuals close to him, including his father in May 2021 and his aunt in June 2021.

The facts of this case, underscored by Touissant's criminal history, and repeated possession of a firearm despite his felon status, and the need for general and specific deterrence, taking into account Touissant's mitigating circumstances, warrant a sentence of 45 months imprisonment, to be followed by a three-year term of supervised release, forfeiture, and a $100 special assessment for Count One of the Superceding Indictment, and further recommends a consecutive sentence of 12 months of imprisonment followed by two years of supervised release to run concurrently on the supervised release violation.

## IV.    CONCLUSION

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully recommends a sentence of 45 months imprisonment to be followed by a three-year term of supervised release, forfeiture, and a $100 special assessment for Count One of the Superceding Indictment, and further recommends a consecutive sentence of 12 months of imprisonment followed by two years of supervised release to run concurrently on the supervised release violation.

DATED:  November 2, 2021

Respectfully submitted,

Stephanie M. Hinds
Acting United States Attorney

/s/*Molly K. Priedeman*

MOLLY K. PRIEDEMAN
Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM   5
19-cr-00520 JSW; 12-cr-00407 JSW