LAW OFFICES OF ERIK BABCOCK
ERIK BABCOCK (Cal. 172517)
717 Washington St., 2d Floor
Oakland CA 94607
Tel:  (510) 452-8400
Fax:  (510) 452-8405
erik@babcocklawoffice.com

Attorney for Defendant
JARVIS TOUSSAINT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

       v.

JARVIS TOUSSAINT,

       Defendant.

Case No. 19-cr-00520 JSW
       12-cr-00407 JSW

**DEFENDANT JARVIS TOUSSAINT'S
SENTENCING MEMORANDUM AND
REQUEST FOR VARIANCE**

:

Mr. Jarvis Toussaint deserves some credit and leniency for his conduct.  He has changed since the events that landed him in federal court some 10 years ago.  Since being released from federal prison, Mr. Toussaint has mentored youth and young men to try and persuade them keep stay away from the street lifestyle that he chose when he was a young adult.  Mr. Toussaint's very crime in this case (possession of a firearm) was committed because he took the gun from a young man because he (Mr. Toussaint) was worried the young man was going to shoot someone.

Mr. Toussaint volunteers his time coaching and mentoring teens and young men at Fremont High School and the Boys and Girls Club in Oakland.

He has also had a child, a young daughter who is now 18 months old. Although she lives with her mother, Mr. Toussaint is actively involved in her life, supports her financially, and is trying to obtain 50/50 custody.

Mr. Toussaint has worked full time for the entire three years he has been on supervised release. He is a driver and delivers beer for Anheuser Busch.

His father passed away earlier this year, which has been a devastating loss for him and his mother. Mr. Toussaint lives with and helps support his mother and grandmother.

Given all these circumstances, Mr. Toussaint requests a sentence of home confinement which will allow him to continue to support his family.

## I.      GUIDELINES & PRESENTENCE REPORT ISSUES

### A. Legal Standards

Under Section 3553, the Court "shall impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) [including] . . . the need for the sentence imposed:

> to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> to afford adequate deterrence to criminal conduct;

> to protect the public from further crimes of the defendant; and

> to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

18 U.S.C. § 3553(a)(2)(A)-(D).

In determining the minimally sufficient sentence, courts are also to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," (§3553(a)(1)),

"the kinds of sentences available" (§ 3553(a)(3)), "the need to avoid unwanted sentence disparities" (§3553(a)(6)), and "the need to provide restitution" (§ 3553(a)(7)).

The court must also consider the applicable guideline ranges, but those guidelines are advisory under *United States v. Booker*, 543 U.S. 245, 756 (2005). 18 U.S.C. § 3553(a)(4). And the sentencing guidelines are not only merely advisory, they are to be given no more weight than any other factor under section 3553. *Kimbrough v. United States*, 522 U.S. 85 (2007). In short, the sentencing court retains significant discretion to "tailor the sentence in light of other statutory concerns as well." *Id*.

"The district court may consider 'without limitation, *any information* concerning the background, character and conduct of the defendant, unless otherwise prohibited [by the Guidelines or other law].'" *United States v. Boykin*, 785 F.3d 1352, 1363 (9th Cir. 2015) (quoting *United States v. Brown*, 985 F.2d 478, 481 (9th Cir. 1993)).

## B. The Offense Conduct

On September 2, 2019, Mr. Toussaint went to a Labor Day barbecue. There was a young man named Dante Greer at the barbecue with a handgun. Mr. Toussaint convinced Mr. Greer to give him the gun because he was worried about what he was going to do with the gun (name, shoot someone). Mr. Toussaint talked to Mr. Greer about not making choices that would lead to hurting people and getting in legal trouble. On his way home from the barbecue Mr. Toussaint was pulled over and arrested with the gun in the car. It was never used and never intended to be used by Mr. Toussaint. Mr. Grier, unfortunately, was unable to get on the right path and later lost his life after being shot.

///

**C. Defendant Has No Objection To The Statement of Offense Facts, To The Offense Level Calculations in the PSR, and A Small Objection to the Criminal History Section**

Defendant has no objections to the statement of offense facts, or to the offense level calculations, in Part A of the Presentence Report (¶¶ 1—21).

Mr. Toussaint has one objection to the recitation of his criminal history. Paragraph 36 indicates that he was convicted of Count 3 in docket 12-cr-00407. It is true that he pleaded guilty to both conspiracy to commit robbery and to possession of a firearm in relation to that offense under section 924(c). However, Mr. Toussaint later filed a section 2255 motion to set aside the 924(c) count, and that motion was granted by Judge Wilken on May 11, 2018. Dkt. 222. The conspiracy to commit robbery conviction remained in place. Judge Wilken also reduced his sentence to 90 months imprisonment, which resulted in him being released shortly after the resentencing. Mr. Toussaint request the PSR be ordered corrected in that regard.

The PSR correctly calculates that Mr. Toussaint has 7 criminal history points, putting him in a Criminal History Category of IV. Mr. Toussaint agrees.

**D. Mr. Toussaint's History and Personal Characteristics Weigh Heavily In Favor Of A Variance From the Guidelines, and the Court Should Impose A Sentence of House Arrest That Allows Him to Continue Working and Supporting His Family**

Mr. Toussaint's history and personal characteristics warrant a variance from the Guidelines and a sentence of house arrest.

Mr. Toussaint spent his childhood in San Jose, California. He graduated from high school, where he participated in sports.

After high school, Mr. Toussaint made a series of bad choices and ended up with several state court convictions, though they involved only short county jail sentences, if any, and not

prison.  But then he was charged and convicted in this courthouse in case number 12-cr-00407 CW, where he was sentenced to federal prison.

Mr. Toussaint began his rehabilitation in custody and attempted to make the most of his time in federal prison.   He took every class available, including nutrition, welding, business etiquette, job searching and interviewing, and parenting classes.  He also worked in the positions of Yard Work, Orderly, and Recreation Supervisor.

Since being released from prison, Mr. Toussaint has worked with young men in an effort to try and help them avoid the same mistakes he made when he was a younger man.  He regularly volunteers his time to work with youths at Fremont High School in Oakland, as well as the Boys and Girls Club in Oakland.

Mr. Toussaint's commission of the offense in this very case was in fact an effort to take away a gun from a young man he was mentoring, Dante Grier, in order to prevent actual violence and to "get him on the right path."  PSR 54.  Mr. Grier, unfortunately, was unable to get on the right path and was shot and killed the following year.

Just earlier this year, Mr. Toussaint's father passed away, which has been "surprising and devastating" according to his mother.  Mr. Toussaint was diagnosed with PTSD and anxiety several months ago, in part due to events he experienced during his years in federal prison.

Mr. Toussaint lives with his mother and grandmother in Mountain House, and he helps care for and support them.  His mother notes that Mr. Toussaint is a loving and caring person, and that he has a good heart.

It is also worth noting that Lance Green, a similarly situated offender as a former codefendant in the 12-cr-00407 docket, received a sentence of time served by Judge Wilken

following his indictment and plea to being a felon in possession charge while on supervised release. See Dkt. 28.  He had been in custody for eight months at that point.  Like Mr. Toussaint, he was a Criminal History Category IV. Avoiding unwarranted sentencing disparities is one of the statutory goals of sentencing. Gov Sent. Memo, p. 3, Dkt. 20.

## CONCLUSION

In light of his tremendous efforts during the last three years, a custodial sentence is unwarranted at this point. Nothing in the Guidelines requires a sentence of imprisonment for Mr. Toussaint.  A sentence that bars him from continuing to support his family and community would be greater than necessary to achieve the goals of sentencing.  The statutory goals of sentencing can be more than adequately met by a sentence of house arrest that allows him to continue working and supporting his family.

DATED: November 4, 2021

By: _____/s/_____
ERIK BABCOCK

Attorney for Defendant
JARVIS TOUSSAINT