LAW OFFICES OF ERIK BABCOCK
ERIK BABCOCK (Cal. 172517)
717 Washington St., 2d Floor
Oakland CA 94607
Tel: (510) 452-8400
Fax: (510) 452-8405
erik@babcocklawoffice.com

Attorney for Defendant
JARVIS TOUSSAINT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JARVIS TOUSSAINT,

Defendant.

Case No. 19-cr-00520 JSW
        12-cr-00407 JSW

**RE-SENTENCING MEMORANDUM BY JARVIS TOUSSAINT FOLLOWING REMAND, MOTION FOR VARIANCE, AND MOTION TO CORRECT PSR CRIMINAL HISTORY CALCULATION PURSUANT TO NEW SENTENCING GUIDELINES**

Date:   April 16, 2024
Time:  1:00 p.m.
Courtroom 5, Second Floor

Mr. Toussaint was charged by superseding indictment with one count of being a felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1). This act was also alleged to be a violation of the terms of his supervised release in case number 12-CR-407-JSW-1.

On June 28, 2021, Toussaint pled guilty to the sole count and admitted the supervised release violation. On August 9, 2022, this Court sentenced him to a prison term of 36 months on the new offense, with a consecutive prison term of 12 months on the supervised release violation. Mr. Toussaint filed a timely notice of appeal in docket No. 19-cr-520.

On appeal, the government filed a motion for remand, which the Ninth Circuit granted as follows:

> Appellee's motion (Docket Entry No. 23) to vacate and remand is granted. As the parties assert, the existing record is insufficiently developed to support the district court's application of an enhanced base offense level under U.S.S.G. § 2K2.1(a)(4)(B). Accordingly, we vacate the judgment and remand for resentencing. We follow our "default rule" and remand for resentencing on an open record. *See United States v. Matthews*, 278 F.3d 880, 885-86 (9th Cir. 2002) (en banc). Contrary to appellant's argument, an open remand will "allow[] for the fullest development of the evidence relevant to a just sentence," *id.* at 886, which did not occur at appellant's initial sentencing given his failure to object to the enhancement.

Order filed 8/26/2022, *U.S. v. Toussaint*, Ninth Circuit No. 22-10216.[1]

## I. Mr. TOUSSAINT IS NOW A CRIMINAL HISTORY CATEGORY III BECAUSE HE ONLY HAS 5 CRIMINAL HISTORY POINTS PURSUANT TO AMENDED GUIDELINE § 4A1.1(d)

When Mr. Toussaint was sentenced in 2022, the PSR calculated that he had 7 criminal history points, which resulted in a Criminal History Category IV. Two of those 7 criminal history points were applied pursuant to § 4A1.1(d), see PSR at ¶ 38, for being under a criminal justice sentence during the commission of the offense.

Mr. Toussaint's Criminal History Category must be recalculated. He is now a Category III because of Amendment 821 to the Sentencing Guidelines. Section 4A1.1 has been revised to limit the imposition of additional criminal history points for defendants who committed an offense while under a criminal justice sentence. Under the former version of § 4A1.1(d), an additional 2 criminal history were imposed if an offense was committed by a defendant who was under a criminal justice sentence, such as supervised release.

---

[1]   Counsel is filing this brief in both dockets referenced above. However, it appears that the Ninth Circuit only reversed the judgment in case No. 19-cr-520 JSW. Accordingly, the related 12-month sentence imposed in case No. 12-cr-00407 JSW remains intact.

Guideline of § 4A1.1 has been amended and subsection (e) now provides:

(e) Add **1** point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised re-lease, imprisonment, work release, or escape status.

Under the amended Guideline, no increase for "status" points applies at all unless a defendant has 7 criminal history points or more, and if applied the increase is only by 1 point, not 2 as before.[2]

Accordingly, since Mr. Toussaint only has 5 criminal history points, no increase should be applied for having committed the offense while on supervised release.[3]

## II.   MR. TOUSSAINT OBJECTS TO THE BASE OFFENSE LEVEL WHICH SHOULD BE A LEVEL 12 NOT A LEVEL 18

This Court originally arrived at a guidelines range of 41 to 51 months by finding an offense level of 18 and a criminal history category of IV. The criminal history category, as noted above, is now III.

As to the offense level, as recommended by the PSR, the court found a base offense level of 20 and deducted two points due to Mr. Toussaint's acceptance of responsibility. PSR, ¶ 19. However, the correct base offense level was 14, and subtracting two points yields an offense level of 12. The guidelines range for a Category III should now be 15 to 21.

---

[2]   The current version of the Guidelines that took effect on November 1, 2023 should be applied in this case. See § 1B.11(a)(" The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.")

[3]   The Probation Department in its Sentence Reduction Investigation Report incorrectly calculates that 1 point should be applied under the new version of § 4A1.1. In fact, a 1 point is to be applied only to defendants who have 7 or more criminal history points. Mr. Toussaint has only 5 criminal history points. Probation also analyzes application of new version of § 4A1.1 as a motion to reduce sentence under § 3582. However, the Ninth Circuit already reversed the sentence in this case and remanded for resentencing on an open record. Accordingly, no motion under 3582 is necessary to apply the amended version of the § 4A1.1 because the court must already apply the current version of the Guidelines.

The base offense level for firearm offenses is set forth in U.S.S.G. § 2K2.1. That section provides for a base offense level of 20 if, as relevant here, (1) the defendant had a prior felony conviction for a "crime of violence" or a "controlled substance offense;" or (2) the offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine" or a firearm described in 26 U.S.C. § 5845(a), and the defendant was a person prohibited from possessing a firearm. U.S.S.G. (a)(4). None of these conditions applies.

First, Mr. Toussaint has no prior felony convictions for a "crime of violence." Mr. Toussaint's conviction for possession of a firearm in connection with a crime of violence in No. 12-cr-00407 was already set aside on a 2255 motion by Judge Wilken. See Dkt # 222 (filed May 11, 2018).

While Toussaint was prohibited from possessing a firearm, he doesn't qualify for 20 points under U.S.S.G. § 2K2.1(a)(4)(B) because there is not clear and convincing evidence that the offense either involved a "semiautomatic firearm that is capable of accepting a large capacity magazine" or involved a firearm described in 26 U.S.C. § 5845(a).  The Guideline itself does not define what it means by "capable of accepting a large capacity magazine."[4]  The Commentary to the Guidelines says it means capable of accepting 15 or more rounds. § 2K2.1 cmt. 2. Although sentencing guidelines commentary is binding on the federal courts, the courts cannot apply an interpretation of the commentary that is "inconsistent" with the text of the guidelines section. *Stinson v. United States,* 508 U.S. 36 (1993).

---

[4]   The Guidelines are presented to Congress for approval, but the Commentary is not, so the Commentary can change the scope of a Guideline without Congress having an opportunity to reject the commentary. The issue of whether courts should defer to an agency's interpretation of an ambiguous statute is currently pending in two cases before the United States Supreme Court: *Relentless v. Dept of Commerce* (21-1886) and *Loper Bright Enterprises v. Raimondo* (22-451). The cases present the question whether *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984) should be overruled or modified.

This Court should disregard the commentary and find that the government has not proven by clear and convincing evidence that the magazine was a large capacity magazine. There is no generally accepted definition of how much ammunition a magazine must hold to be considered "large capacity." According to the Congressional Sportsmen's Foundation, in "modern sporting rifles, the standard capacity magazine is regularly 30 rounds." See https://congressionalsportsmen.org/policy/standard-capacity-magazines. "Many popular semiautomatic handguns and rifles are sold with magazines that have capacities of 15-30 rounds." *Id.* Many magazines hold 30 or more rounds. The government has not proven by clear and convincing standard, as necessary to warrant such a dramatic increase in the Guidelines, that the magazine Mr. Toussaint had was large capacity.

Accordingly, the base offense level should be a 14 pursuant to § 2K2.1(a)(6) because Mr. Toussaint was a prohibited person.

III. **A VARIANCE IS WARRANTED AND A SENTENCE OF TIME SERVED IN THIS DOCKET WOULD BE REASONABLE**

Mr. Toussaint has been in continuous custody since January 17, 2022, and federal custody since March 10, 2022.[5] The sentence of 12 months imprisonment consecutive to the sentence imposed in this case is still intact. Therefore, a sentence of time served will not result in Mr. Toussaint's immediate release.

---

[5] Mr. Toussaint was originally released in this case but was then arrested by local authorities on January 17, 2022. He was initially charged in Alameda Superior Court and detained. He was later OR'd from state custody on March 10, 2022, at which point he was taken into federal custody in No. 12-cr-00407 and detained until sentencing. The state case was eventually dismissed in favor of the federal prosecution.

The undersigned does not know exactly how the Bureau of Prisons has calculated Mr. Toussaint's credit, or at what point he would be released to a halfway house.[6] But it would seem that even with a time-served sentence in this case, Mr. Toussaint will spend the better part of this year in custody.

Mr. Toussant has taken every opportunity to better himself in prison.  He has taken the Aces Class and the VT Automotive Class.  He got certified with the Mobile Air Climate System Association.  He also enrolled in truck driving school.

Mr. Toussaint has a 3 year old daughter. He was very much involved in her life before he was taken into custody. And as the court may recall, at the time of his original sentencing, Mr. Toussaint had been struggling with the deaths of people very close to him, including his father.

His offense conduct in this case involved having a handgun in a car. It was never fired and never taken up in anger.

Given all the circumstances, a sentence of time served would be fair and reasonable given the statutory goals of sentencing under 18 U.S.C. § 3553.  Mr. Toussaint

## CONCLUSION

Mr. Toussant respectfully requests a sentence of time served followed by a term of 3 yeas supervised release.

DATED: April 10, 2024

/s/
ERIK BABCOCK

Attorney for Defendant
JARVIS TOUSSAINT

---

[6]   It appears that when the magistrate detained Mr. Toussaint on March 14, 2022 it was only in case No. 12-cr-00407, and not on this docket. So it is likely the BOP did not start giving Mr. Toussaint credits on this case until he was sentenced on August 9, 2022.